EDWARD H. PARMELEE, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Forgery — Prisoner's belief in his authority to sign paper — Cross-examination.*

Where a person is indicted for affixing the name of another person to a written instrument without authority, he is entitled to an acquittal if it appear that he had fair grounds for believing that he had such authority, even though in fact he had not.

Upon the trial of the plaintiff in error for forging his father's name to a note, the father testified that some time before the son had applied for leave to use his name ; that he had refused to allow him to do so ; that he might have given him encouragement, but did not intend to authorize him to use his name ; that he could not state the conversation. Upon his cross-examination the counsel for the prisoner asked him if he was willing to swear that, from what he did say, the prisoner had no right to infer that he intended to give him authority to use his name, which question was excluded. *Held,* that this was error ; that the question was proper to test the degree of confidence the witness had in the accuracy of his memory.

WRIT of error to the Court of General Sessions of the county of Genesee.

The prisoner was indicted by the grand jury of the county of Genesee for forgery in signing the names of Harvey Parmelee, his father, and of Myron Parmelee, his brother, as makers, to a note for $600, payable six months from date to Windsor Arnold, or bearer, with intent to defraud said Harvey and Myron and Arnold, the payee of said note.

On the trial in the Court of Sessions it was proved on the part of the People, by said Harvey and Myron, that their names affixed to said note were not in their handwriting but were in the handwriting of the prisoner, and that they never authorized him to affix their names to said note.

The prisoner's counsel, on the cross-examination of Harvey Parmelee, put to him the following question :

You are not willing to swear, are you, but from what you did say, he had the right to infer that you gave him authority to use your name ?

The district attorney objected to the question. The court sustained the objection and the prisoner's counsel excepted.

The jury found the prisoner guilty. His counsel caused to be prepared a bill of exceptions, which was signed by the judges of said Court of Sessions, and the case is brought into this court by writ of certiorari.

*J. A. Stull*, for the plaintiff in error.

*C. Fitch Bissell*, for the defendants in error.

MULLIN, P. J.:

To entitle a prisoner to a verdict of not guilty upon an indictment for affixing the name of another person to a written instrument without authority, it is not necessary he should prove express authority to affix the name of such other; · it is enough, that from the facts proved it is made out that he had fair grounds for considering that he had such authority." (*Rex* v. *Forbes*, 7 C. & P., 224; *Reg.* v. *Parish*, 8 id., 94; *Same* v. *Beard*, id., 142.)

In the case last cited COLERIDGE, J., says: If a person had reasonable grounds for believing from the acts of the party that he had authority to accept, and did in point of fact act upon that, it could not be forgery.

Harvey Parmelee, one witness whose name is alleged to be forged, testified, on direct-examination, that he never authorized the prisoner, or any one else, to affix his signature to the note.

On cross-examination he testified that he had signed paper to aid the prisoner, and that he, the prisoner, applied to the witness to allow him to use his, witness', name. He could not state any of the conversation. He says, I may have given him encouragement, but did not intend to authorize him to use my name.

The witness subsequently testified that no application was made to him to allow the prisoner to use his name. He also said he did not think he gave the prisoner encouragement that he might use his name, but he said something that he might have taken as encouragement.

If the prisoner might have taken the language of his father as encouragement that he would allow him to use his name, it must be assumed that he did take it as encouragement, or as partial consent to use his name.

The witness declared himself unable to state any part of the conversation in which the father used language, which the prisoner might have taken as encouragement that he might use his name; it became proper, on cross-examination, to ascertain the degree of confidence he had in the accuracy of his memory, as to the meaning and effect of what he did say in answer to the request to allow the use of his name. In the absence of the language used there was no other way to ascertain what ground the prisoner had for believing he had authority to use his father's name, than by the question put to the witness and which was excluded.

In view of the relation between the prisoner and the father, the inability of the latter to state any portion of the conversation between them, when leave was asked by the former to use the father's name, the question put by the prisoner's counsel on cross-examination was competent and should have been allowed to be answered.

The conviction must be reversed and a new trial had in the Court of Sessions, to which the proceedings are remitted.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Conviction reversed and new trial ordered in Court of General Sessions of county of Genesee, to which the proceedings are remitted.